UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ALONZO PUGH**     **DOC #088918** | : | **CIVIL ACTION NO. 14-cv-3051**    **SECTION P** |
| **VERSUS** | : | **JUDGE WALTER** |
| **SGT. FONTENOT, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Alonzo Pugh ("Pugh"), an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("LDOC"). He is incarcerated at Allen Correctional Center ("ACC") in Kinder, Louisiana, and names Sergeant Fontenot ("Fontenot") and Warden Keith Cooley as defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

**I.**
**BACKGROUND**

Pugh claims that on one occasion he was exposed to second-hand smoke. Doc. 1, p. 3. He alleges that defendant Fontenot smoked several cigarettes while transporting him, causing him to cough uncontrollably. *Id.* Fontenot did not turn on the air-conditioner as requested; however, it was turned on by the other officer in the vehicle. *Id.* Pugh states that he has COPD and that he had to vigorously use an asthma pump so he would not choke on the smoke. *Id.*

Pugh also alleges that neither steps nor support were not provided when he was entering and exiting the transportation vehicle. *Id.*

As relief for the above, Pugh requests: (1) compensatory damages, (2) checks of firearm and chauffeur's licenses, (3) the use of breathalyzers, (4) that steps be provided and used in all vehicles, and (5) the termination of Sergeant Fontenot. *Id.* at 4. He also asks states that he would like to press charges. *Id.*

## II.
### LAW AND ANALYSIS

#### A.  *Frivolity Review*

Pugh has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Doc. 7. Under 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii), a district court is directed to dismiss an action if the court determines that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.,* 153 F.3d 211, 215 (5th Cir. 1998). In determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley*, 157 F.3d at 1025 (failure to state a claim).

#### B.  *42 U.S.C. § 1983*

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, an initial inquiry in a lawsuit filed under § 1983 is

whether a plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under § 1983. In order to hold the defendants liable under 42 U.S.C. § 1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

A constitutional violation occurs only when two requirements are met. First, the prison official's act or omission must result in a deprivation that is sufficiently serious, such that it results in the denial of "the minimal civilized measure of life's necessities" or denies the prisoner some basic human need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)); *Wilson v. Seiter*, 501 U.S. 294, 304 (1991). Second, the court must determine that the prison official responsible for the deprivation has shown "deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834 (internal quotations omitted). A finding of deliberate indifference requires a finding that a prison official was personally aware of facts from which an inference could be drawn that a substantial risk of serious harm existed in undertaking the act or omission complained of, and that he or she actually drew that inference. *Id.* at 837.

    *1. Second-Hand Smoke*

In *Helling v. McKinney*, the Supreme Court held that prison officials may violate the Eighth Amendment's prohibition against cruel and unusual punishment by exposing inmates to excessive levels of Environmental Tobacco Smoke ("ETS"). 509 U.S. 25, 33–35 (1993). The Court also formalized a "two-prong test" to determine whether an inmate's exposure to ETS resulted in a transgression of constitutional proportions. *See Richardson v. Spurlock,* 260 F.3d 495, 498 (5th

Cir. 2001) (citing *Helling*, supra). "First, a prisoner must prove objectively that he is being exposed to *unreasonably high levels* of ETS . . . ." *Id*. (emphasis in original) (internal quotations omitted). Second, the prisoner must meet a subjective component by showing that prison authorities were deliberately indifferent to his plight. *Id.*

Pugh's claim fails to meet the first prong of the *Helling* test. As previously stated, he alleges that he had to sit in a vehicle on one occasion while defendant Fontenot smoked three cigarettes. While this exposure to second-hand smoke might be unwelcome and unpleasant, it does not reach *Helling*'s "unreasonably high" requirement. In *Helling*, the prisoner shared a cell with another inmate who smoked five packs of cigarettes a day. 509 U.S. at 28. In contrast, Pugh only alleges that he had to sit near a smoker during a van ride on one occasion. This does not appear to be the type of situation that violates societies "contemporary standards of decency." *Id.* at 37. We find that Pugh's claim of ETS exposure is unsupported by the facts he alleges and is therefore frivolous.

### 2. Vehicle Step

Pugh complains that the transport vehicle did not have a step to assist him in entering and exiting the vehicle. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege an actual injury caused by the defendants' acts. *See Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993) (excessive force claim dismissed as frivolous when prisoner suffered no injury); *Auster Oil & Gas, Inc. v. Stream*, 835 F.2d 597, 602 (5th Cir. 1988) (citing *Memphis Cmty. Sch. Dist.*, 477 U.S. at 307) ("[Section] 1983 is designed to compensate persons for actual injuries caused by the deprivation of a constitutional right."); *Brock v. Sparkman*, 101 Fed. App'x 430 (5th Cir. 2004) (unpublished) (citing *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986)) (prisoner who had bumps and bruises from repeatedly hitting his head on bunk bed had no cognizable injury).

In the present case Pugh has not stated an injury caused by the alleged lack of a step in the transport vehicle. He has also failed to show that the defendants acted with deliberate indifference or that he was deprived of a basic human need. His claim in this regard does not rise to the level of a constitutional violation and should be dismissed.

### C.  *Supervisor Liability*

Pugh names ACC Warden Keith Cooley as a defendant. It is clear that this defendant is named in a supervisory capacity. As such, this claim is not cognizable. It is well settled that supervisory officials may not be held liable under §1983 under the doctrine of *respondeat superior*. *See Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992). To be liable under § 1983, supervisory officials must be personally involved in the act causing the alleged constitutional deprivation or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998). Here, Pugh fails to set forth a constitutional claim against this party. There are no allegations that he was personally implicated in any alleged constitutional deprivation or that he implemented any policy which acts as a constitutional deprivation. Thus, this claim should be dismissed for failure to state a claim upon which relief may be granted.

### D.  *Investigation/Charges*

Pugh asks the court to "check" firearm and chauffeur's licenses and states that he wants to press charges. This relief is not available through this complaint. Investigations of that nature are within the province of the police department and district attorney's office of the parish where any alleged violations took place. This court's duty is to review Pugh's compliant for alleged violations of his constitutional rights.

## III.
### Conclusion

For reasons stated,

**IT IS RECOMMENDED** that Pugh's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Services Automobile Ass'n,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 30th day of September, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE